IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

M.L.M.                                                                                           PLAINTIFF

VS.                                    CASE NO. 5:17-CV-00013

JEFFERSON COUNTY, ARKANSAS, et al.                                  DEFENDANTS

**PLAINTIFF'S FIRST MOTION IN LIMINE**
**AND COMBINED MEMORANDUM BRIEF IN SUPPORT**

COMES NOW Plaintiff, M.L.M., by and through her attorneys, for her *First Motion in Limine* and incorporated Brief in Support thereof, herein states as follows:

I. MOTION IN LIMINE TO PROHIBIT DEFENDANTS' FROM OFFERING ANY EVIDENCE OR MAKING ANY SUGGESTION THAT THERE WAS CONSENT ON BEHALF OF THE PLAINTIFF AND/OR REFERENCING ANY ALLEGED SEXUAL HISTORY AND/OR PREVIOUS SEXUAL CONDUCT OF PLAINTIFF.

1.      Defendants should be prohibited from introducing any evidence or making and suggestion regarding Plaintiff's alleged sexual history or prior sexual conduct due to the policy underlying Arkansas' "rape shield" law, ARK. CODE ANN. § 16–42–101, and Federal Rule of Evidence 412.

2.      In good faith, Plaintiff believes Defendants will seek to introduce evidence that is intended to attack the victim's character and show that she was predisposed to sexual conduct. On information and belief, said evidence may include videos of Plaintiff dancing naked on a table at the direction of separate Defendants' Lafarius Hoskins and James Ferguson hours before Plaintiff was raped by said Defendants.

3.      In criminal prosecutions, Arkansas' rape-shield statute specifically prohibits introduction of evidence concerning a victim's prior sexual history for that purpose, stating that "evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, . . . is not admissible by the defendant, . . . to attack the credibility of

the victim, to prove consent, or any other defense, or for any other purpose." Ark. Code Ann. § 16–42–101 (b).

4. While this is not a case involving a criminal prosecution, the public policy behind the rape shield statute is equally compelling in the context of this case.

5. Federal Rule of Evidence 412 embraces the same public policy and specifically forbids the use of evidence to prove a victim's sexual predisposition.

6. The clear public policy under both state and federal law is that a victim's prior sexual conduct should not be used against them.

7. Plaintiff's alleged sexual history is entirely irrelevant and contrary to law and public policy that prohibits any such suggestion.

8. Introduction of such evidence would serve no probative value and greatly prejudice Plaintiff.

9. The court should enter an order forbidding the defendant from introducing any evidence of the Plaintiff prior sexual conduct for any purpose.

II. **MOTION IN LIMINE TO PROHIBIT DEFENDANT'S FROM OFFERING ANY EVIDENCE OR MAKING ANY SUGGESTION RELATED TO M.L.M. NOT ATTENDING THE CRIMINAL TRIALS OF SEPARATE DEFENDANTS LAFARIUS HOSKINS AND JAMES FERGUSON.**

10. Federal Rule of Evidence 401 specifically states that evidence is relevant only if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.

11. Federal Rule of Evidence 402 specifically states that irrelevant evidence is not admissible.

12. In good faith, Plaintiff believes that the Defendants may attempt to introduce evidence that she did not attend the criminal trials of Defendants Lafarius Hoskins and James Ferguson.

13. This is irrelevant, as Plaintiff's attendance at the criminal trial of the above referenced Defendants does not have any tendency to make a fact that is of consequence to determining the action at hand more or less probable.

14. The Court should enter an order forbidding the Defendant from discussing the Plaintiff's attendance at the Defendants' criminal trial before the jury.

### III. MOTION IN LIMINE TO PROHIBIT THE USE OF PREVIOUSLY UNDISCLOSED INFORMATION.

15. On June 15, 2017, this Court entered a final scheduling Order in this matter.

16. On January 4, 2018, the Court entered a separate Order granting the Parties' Joint Motion to Extend the discovery deadline in this matter to March 8, 2018.

17. The parties have conducted written discovery and depositions and said discovery is essentially complete.

18. One of the primary purposes of discovery is to prevent surprise at trial.

19. All parties have had equal and ample opportunity to conduct discovery and discovery is essentially complete.

20. The Court should enter an Order prohibiting the Parties from introducing any evidence not previously disclosed in the discovery process.

WHEREFORE, Plaintiff, M.L.M., respectfully requests that this Court grant this *Motion* in its entirety. Plaintiff further requests that this Court order Defendants' Counsel to inform any and all of its witnesses of the ruling in this *Motion in Limine*, and be instructed not to mention, directly, indirectly, or inadvertently, any of the matters addressed in this *Motion* in the presence of the jury, during voir dire, opening statement, closing argument, or during the examination or cross-examination of any witness. Plaintiff further requests that Defendants' Counsel not make any reference to the fact that this *Motion in Limine* was filed or that any Order was rendered therefrom.

Respectfully submitted,

*Joe A. Denton*
_____
Joe A. Denton, ABA # 2012167
Justin C. Zachary, ABA # 2010162
Andrew P. Norwood, ABA #2017107
Denton & Zachary, PLLC
600 S. German Lane, Suite 101
Conway, Arkansas 72034
Tel:    501-358-4999
Fax:    501-358-4737
joe@dentonandzachary.com
justin@dentonandzachary.com
andrew@dentonandzachary.com

&

Mickey Stevens, ABA #2012141
Attorney at Law
10515 West Markham
Little Rock, Arkansas 72205
Tel:    501-303-6668
Fax:    877-338-6063
stevens_mickey@yahoo.com

## CERTIFICATE OF SERVICE

I, Joe A. Denton, hereby certify that on April 9, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Arkansas, using the electronic filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have previously consented in writing to accept this Notice as service of this document by electronic means:

Gene E. McKissic                           C. Burt Newell
McKissic & Associates, PLLC                Attorney at Law
Post Office Box 9587                       P.O. Box 1620
Pine Bluff, Arkansas 71601                 Hot Springs, Arkansas 71902

Jonathan C. Hill                           Ralph C. Ohm
Attorney at Law                            Attorney at Law
P.O. Box 1558                              P.O. Box 1558
Hot Springs, Arkansas 71902                Hot Springs, Arkansas 71902

     I, Joe A. Denton, do hereby further certify that on April 9, 2018, a copy of the above pleading was served on separate Defendant Lafarius Hoskins by first class mail with sufficient postage paid to ensure delivery at 159 Commerce Road, Conway, Arkansas 72032.

                                                                                      */s/ Joe A. Denton*

                                                                                       Joe A. Denton, ABA # 2012167